IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
4-28-2008
APR 2 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **Plaintiff(s)** | )<br>) |
| **Diane M. Dillon Phillips** | )<br>) |
| VS. | ) Case No. 07 CV 06461<br>) |
| **Defendant(s)** | )<br>) |
| | ) Judge David H. Coar |
| **Thresholds Psychiatric Rehabilitation Centers** | ) |

**MOTION BY PRO SE PLAINTIFF DIANE M. DILLON PHILLIPS TO REQUEST
AN EXTENSION ON DISCLOSURES REQUIRED BY THE FEDERAL RULES OF CIVIL
PROCEDURES, TITLE V. DISCLOSURES AND DISCOVERY, RULE 26(a)(1)
ON OR BEFORE MONDAY, APRIL 28, 2008 TO THE DEFENDANTS**

Pursuant to the provisions delineated under the FEDERAL RULES OF CIVIL PROCEDURES, TITLE V. DISCLOSURES AND DISCOVERY, Rule 26(a)(1) Duty to Disclose; General Provisions Governing Discovery, REQUIRED DISCLOSURES. *Initial Disclosure*, as the pro se plaintiff in the matter of <u>Diane M. Dillon Phillips vs. Thresholds Psychiatric Rehabilitation Centers</u>, I respectfully move this Court to grant me an extension of approximately sixty days to fully comply with the initial deadline date of April 28, 2008 set by the Honorable David H. Coar. I make this humble plea due to the following circumstances outside of my control:

1. As a pro se litigant who was denied the assistance of a court appointed legal counsel, it has been extremely difficult to fund the insurmountable cost associated with bring legal action of this magnitude to this or any tribunal.

2. On or about March 27, 2008, I began the search for competent legal counsel who would accept my case on a contingency bases. To date, I have approached over ten attorneys but either they simply do not accept civil rights litigation without a retainer in excess of $20,000 or they have not had sufficient time to assess the merits of the case to decide if a contingency agreement would be warranted.

3. In the mean time, I have developed a list of potential individuals who are currently or were previously employed for Thresholds Psychiatric Rehabilitation Centers who are likely to have pertinent discoverable information relevant to this case. However, due to my impecunious situation, it has been virtually impossible to divert funds from my meager family income to absorb the cost associated with just complying with the initial disclosure deadline date of Monday, April 28, 2008.

4. Furthermore, securing employment income is the only solution that would remedy my impecunious situation and simultaneously make funds available for this law suit. Subsequently, I have been working tirelessly to find work to no avail. For example, as a retired executive of the great State of Illinois, I applied for reinstatement to a position at a salary comparable to what I earned prior to retirement but it has been more than a year since I first applied for reinstatement and I have yet to be reinstated. I have also applied for various teaching and administrative positions at selected colleges and universities as well as selected executive positions at the various for private social service agencies but I have not been accepted for any open positions presumably due this pending litigation.

Whereas I humbly request that this Court enter an order to extend the deadline by at least sixty days to afford me the opportunity to comply with the initial disclosure provisions of Rule 26(a)(1).

Respectfully Submitted,

DIANE M. PHILLIPS

By: <u>Diane M. Phillips,</u>
    Pro se Plaintiff

Diane M. Phillips, President and Chief Executive Officer
ELITE HUMAN SERVICE SYSTEMS, INC.
2138 West 114th Place
Chicago, Illinois 60643
(773) 238-3896
dianephillips@wowway.com